SAMUEL GREGG & others *vs.* MASSACHUSETTS MEDICAL SO-
CIETY & others.

A medical society, incorporated under a charter empowering it to expel its members, sum-
moned the plaintiffs, who were members, to appear before a board of trial, composed of
members, to answer charges preferred by a committee, that the plaintiffs had violated the
by-laws of the society by conduct unworthy honorable physicians and members of the
society, in practising according to a certain exclusive theory or dogma, and belonging to
an association whose purpose was at variance with the principles of the society and tended
to disorganize it. The plaintiffs filed a bill in equity against the society, the board of
trial, and the committee preferring charges, alleging that it was the defendants' intention
to expel the plaintiffs only for practising homœopathy; that the body to try them was
wrongly constituted; and that the proceedings were irregular and void. *Held,* on de-
murrer, that the court had no jurisdiction to interfere by injunction.

BILL IN EQUITY filed by Samuel Gregg, George Russell, Milton
Fuller, David Thayer, Israel T. Talbot, Herman L. H. Hoffen-
dahl and William Bushnell, physicians and surgeons, against the
Massachusetts Medical Society, Samuel A. Fisk, Luther Parks,
Richard L. Hodgdon, Thomas L. Gage, Asa Millet, Bowman B.
Breed, Jeremiah Spofford, Augustus Torrey, Francis C. Green,
George Hayward and Frederick Winsor; alleging that the Mas-
sachusetts Medical Society was incorporated by an act of the
Legislature November 1, 1781; "that according to said act of
incorporation and subsequent acts, and the by-laws passed in
pursuance thereof, the plaintiffs received letters testimonial, sub-
scribed its then existing by-laws and were duly admitted and
became fellows and members of said society" at different times
in or before 1857, "and thereupon became entitled to all the
rights and privileges of such fellows and members, have since
paid all their dues and faithfully performed all their duties to
said society, and have been and still are entitled to said rights
and privileges, including the right to the use of the libraries and
museum of anatomy of said society, and of its publications, and
to the benefits of its funds and property; the said society being
the owner not only of said libraries and museum, but also of more
than $30,000 funds, yielding a large annual income; that the
plaintiffs severally received from said Fisk, president of said so-
ciety, a printed notice, dated November 4, 1871, informing them

of certain charges preferred against them as members of said so-ciety by a committee of said society, and directing them to ap-pear before a so-called board of trial on November 21, 1871 ; " that these charges were that the plaintiffs " have violated, and continue to violate, the by-laws of the Massachusetts Medical Society, by ' conduct unbecoming and unworthy an honorable physician and member of the society,' to wit, by practising or professing to practise according to a certain exclusive theory or dogma, or certain exclusive theories or dogmas, and by belonging to a society whose purpose is at variance with the principles of, and tends to disorganize the Massachusetts Medical Society ; " and that these charges were signed by the defendants Parks, Hodg-don, Gage, Millet and Breed, who requested that said Fisk, as president, would designate a board of trial, to hear and try the charges aforesaid, in accordance with the by-laws of the society.

The bill further alleged that prior to receiving said notice, each of the plaintiffs received the following printed circular :

" Massachusetts Medical Society. At the annual meeting of the councillors of the Massachusetts Medical Society, June 6, 1871, the following preamble and resolutions were adopted : ' Whereas, The Massachusetts Medical Society has always endeav-ored to make, as its charter emphatically enjoins, " a just discrimi-nation between such as are duly educated and properly qualified for the duties of their profession, and those who may ignorantly and wickedly administer medicine," while at the same time it has ever acted in accordance with the " liberal principles " of its foundation, and shown itself ready to examine and to adopt every suggestion, from whatever source, promising improvement in the knowledge and treatment of disease ; and whereas it is alleged that some of its fellows, in opposition to the spirit and intent of its organization, consort, in other societies or elsewhere, with those whose acts tend " to disorganize or to destroy " this so-ciety ; Therefore Resolved, That if any fellow of the Massachu-setts Medical Society shall be, or shall become, a member of any society which adopts as its principle in the treatment of disease any exclusive theory or dogma, (as, for example, those specified in Article I. of the by-laws of this society,) or himself shall prac

tise, or profess to practise, or shall aid or abet any person or persons practising or professing to practise according to any such theory or dogma, he shall be deemed to have violated the by-laws of the Massachusetts Medical Society by "conduct unbecoming and unworthy an honorable physician and member of this society." Resolved, In case the society concurs with the councillors in the preceding resolution, that the president of the society shall appoint a committee of five fellows (to hold office one year and until others are appointed) to bring before a board of trial any fellow who, three months from this date or after, shall be found chargeable with the offence set forth in the foregoing resolution. Resolved, That, after concurrence by the society, the foregoing preamble and resolutions shall be printed, and a copy sent to every fellow of the Massachusetts Medical Society. Resolved, That a committee of three be appointed by the chair to report the action of the councillors on the foregoing preamble and resolutions to the society to-morrow for concurrence.' At the annual meeting of the Massachusetts Medical Society, June 7, 1871, the foregoing preamble and resolutions were concurred in by the society. The following fellows have been appointed by the president to carry out the foregoing resolutions: Luther Parks, Richard L. Hodgdon, Thomas L. Gage, Asa Millet, Bowman B Breed. Attest, Charles W. Swan, Recording Secretary."

The bill further alleged that that portion of article I. of the by-laws of said society referred to in said circular is as follows: " No person shall hereafter be admitted a member of this society who professes to cure diseases by Spiritualism, Homœopathy, or Thomsonianism; " that the plaintiffs received no authoritative notification of the charges against them other than the printed notice above set forth; that this accusation was too vague and undefined to enable the plaintiffs to meet it by proof, but that they were informed and believed and thereupon averred that said charges were intended to apply only to the practice of the system of therapeutics known as homœopathy, and to membership in the Massachusetts Homœopathic Medical Society; that the ground of the charge, that the purpose of said society was at variance with the principles of, and tended to disorganize the Massachusetts

Medical Society, was solely that the Massachusetts Homœopathic
Medical Society was a society whose purpose was to encourage
and develop the practice of medicine according to the principles
known as homœopathy, and in that respect, and for that reason
only, it was charged as aforesaid, that its purpose was at variance,
and tended to disorganize; that the plaintiffs were members of
the Massachusetts Homœopathic Medical Society; that they had
for a long time practised and were still practising medicine ac-
cording to the principles of homœopathy; that practising accord-
ing to the system of homœopathy was not "conduct unbecoming
an honorable physician and member" of the Massachusetts Med-
ical Society; that the purpose of the Massachusetts Homœopathic
Medical Society was not at variance with the principles of nor
tended to disorganize the Massachusetts Medical Society, although
it might be at variance with the theories of individual members
thereof; that said clause of said by-law I. to wit: "No person
shall hereafter be admitted a member of this society who pro-
fesses to cure diseases by Spiritualism, Homœopathy, or Thom-
sonianism," and the fifth of the clauses in by-law VII. to wit:
"5. For any conduct unbecoming and unworthy an honorable
physician and member of this society," and also said resolutions,
were made with the design of facilitating proceedings to expel
members of the society practising medicine according to the sys-
tem of homœopathy, and were all made subsequent to the respect-
ive times when the plaintiffs severally signed the code of by-laws
of the Massachusetts Medical Society, and were never assented to
by either of them; that said resolutions were not binding inter-
pretations of the by-laws against conduct unbecoming and un-
worthy an honorable physician and member of the society, and
the plaintiffs were not bound by such interpretation; that said
portions of said by-laws in respect to homœopathy, and said reso-
lutions, were contrary to the spirit and intent of the charter of
the Massachusetts Medical Society, and of the acts in addition
thereto, and to the public policy therein indicated, and tended to
suppress investigations, to arrest the progress of discovery in
medical science, and to defeat the purposes of the Legislature in
the acts respecting said corporation, were unreasonable, unjust to

the members of the society, subversive of their rights and privi
leges, not within the scope of the authority conferred by law on
the society, and therefore illegal and void; that there was no
legal or valid by-law of the society which authorized the expul-
sion of any member thereof practising according to homœopathy,
or for being a member of a homœopathic medical society, and
that as the plaintiffs had been and still were engaged in the prac-
tice of homœopathy, and were members of the Massachusetts
Homœopathic Medical Society, their expulsion on these grounds
would be a plain abuse of power.

The bill then alleged that the so-called board of trial had been
or was to be organized under the following pretended by-law of
the society : " 1. When charges of infraction of the by-laws shall
be duly made against any fellow of the society, the president shall
thereupon select five of the commissioners on trial, who shall con-
stitute a board of trial for the pending case. He shall appoint a
time and place for the meeting of said board, and shall notify the
commissioners appointed, also the complainants and the accused
party, of said time and place. 2. The said board of trial shall be
empowered and required to meet as above provided, and three
members shall constitute a quorum. They shall proceed to organ-
ize themselves, and to hear and try the charges aforesaid ; and if
convinced that the charges have been substantiated by the com-
plainants, they shall convict the accused, or, if otherwise, they
shall acquit him ; and, in case of conviction, shall pass sentence,
such as the laws of the society authorize, which sentence shall
take effect from the date of its passage. 3. If, after due notifi-
cation, the accused party shall fail to appear at the time and
place of trial, without satisfactory excuse rendered at the time,
he shall be considered as admitting the truth of the charges
against him, and shall be liable to sentence accordingly. 4. Upon
showing to the councillors such cause as shall by them be deemed
reasonable therefor, the accused shall be entitled to a revision of
his trial by the councillors, who may, according to their judgment,
confirm or reverse the previous decision ; and this shall be final.
5. Legal counsel shall be inadmissible ; but members of the so-
ciety may be heard as advocates on either side during the trial ; "

and that the commissioners on trials, mentioned in the first of the clauses of said by-law, are annually elected by the respective district societies throughout the Commonwealth, each district society choosing one.

The bill then alleged " that the proceedings whereby the defendants now threaten to expel the plaintiffs from the Massachusetts Medical Society, and thus deprive them of their rights and privileges as members thereof, are entirely unwarranted by law, in this, that under the act of incorporation of the Massachusetts Medical Society, the power to expel fellows is conferred on the fellows or general body of the society alone, that no statute or law of this Commonwealth has authorized the fellows to delegate this power to a board of trial or any other select body of the society, and that the by-law respecting the appointment of a board of trial with powers to expel members, is without the scope of the powers of the society, and is therefore illegal and void, and said board of trial have no right to act in the premises ; " " that it is the intention of the defendants by the proceedings initiated as aforesaid, to cause the plaintiffs to be expelled from the Massachusetts Medical Society, for the reasons only that they practise medicine according to the principles of homœopathy; and are members of said Massachusetts Homœopathic Medical Society, and the plaintiffs submit that such expulsion will not only be illegal, but if not restrained by the preventive action of this court, will necessarily injure the plaintiffs' professional reputation and practice as physicians and surgeons, and deprive them of their rights and privileges as fellows and members of the Massachusetts Medical Society, and their interest in said libraries, museum of anatomy, publications, funds and income of said society, and thereby inflict upon them irreparable injury, for which neither a subsequent restoration by *mandamus*, nor an action at law for damages, would afford certain and adequate relief."

The prayer was that the Massachusetts Medical Society ; its president, Fisk ; the members preferring charges, Parks, Hodgdon, Gage, Millet and Breed ; and the board of triers, Spofford, Torrey, Green, Hayward and Winsor might be enjoined from taking any further proceedings for the trial of the plaintiffs or of

any of them on the charges contained or referred to in the notice aforesaid, dated November 4, 1871, signed by Fisk, president of the society, and from expelling or attempting to expel any of them from the society for any of the causes in said notice mentioned or referred to ; and for further relief.

The defendants' answer contained a demurrer, the causes of which were assigned as follows : That the complainants showed by their bill no such common right or interest as entitled them to unite in a single bill of complaint ; that they did not make out any case which entitled them to any relief in a court of equity; that they did not show that the proceedings against them, alleged to have been begun in the defendant society, were unjust or unlawful, or beyond the power of said defendants, nor any good ground for the interference of this court in said proceedings ; and that the bill asked the judgment of the court upon matters and questions which were wholly within the cognizance and jurisdiction of the Massachusetts Medical Society. And Fisk, Parks, Hodgdon, Gage, Millet and Breed, for a further cause of demurrer, severally assigned that the bill set forth no ground for relief against them, inasmuch as it set forth no proposed action of them or any of them that could in any manner affect the alleged rights of the plaintiffs or any of them.

Hearing, on the bill and the demurrer contained in the answer, before *Chapman*, C. J., who reserved the case for the determination of the full court.

*E. R. Hoar & G. Putnam, Jr.*, for the defendants.

*R. H. Dana, Jr., & B. F. Brooks*, for the plaintiffs.

CHAPMAN, C. J. This is a bill in equity in which the plaintiffs allege that they are physicians and surgeons and have been duly elected members of the Massachusetts Medical Society and are entitled to all the rights and privileges of members ; that they have been summoned to appear before a committee of said society to answer to a charge that they " have violated and continue to violate the by-laws of the Massachusetts Medical Society by conduct unbecoming and unworthy an honorable physician and member of the society, to wit, by practising or professing to practise according to a certain exclusive theory or dogma, or certain

exclusive theories or dogmas, and by belonging to a society whose purpose is at variance with the principles of, and tends to disorganize the Massachusetts Medical Society."

The bill then sets forth certain alleged irregularities and defects in the proceedings against them, and alleges that the defendants now threaten to expel them from the society, and thus deprive them of their rights and privileges as members, and cause other injury to them. They allege that these proceedings are illegal and void, and that the defendants have no right to act in the premises.

The case comes before us on a demurrer to the bill, contained in the defendants' answer. Several causes of demurrer are alleged ; but that which requires to be first considered is that the complainants do not by their bill make out any case which entitles them to any relief in a court of equity. In determining this question, it is necessary to consider the limits of our own equitable jurisdiction in a case like this.

The Massachusetts Medical Society was incorporated November 1, 1781. The preamble to the act of incorporation recites as follows : " As health is essentially necessary to the happiness of society, and as its preservation or recovery is closely connected with the knowledge of the animal economy and of the properties and effects of medicines ; and as the benefits of medical institutions, formed on liberal principles, and encouraged by the patronage of the law, are universally acknowledged," therefore the persons named and their successors, and such other persons as shall be elected in the manner therein mentioned, are incorporated, &c. The second section authorizes the election of officers.

Section 5 enacts " that the fellows of said society may, from time to time, elect such persons to be fellows thereof as they shall judge proper ; and they, the fellows of said society, shall have power to suspend, expel or disfranchise any fellows of said society."

Section 6 authorizes the fellows to enact such rules and by-laws for the better government of the society as are not repugnant to the laws of the Commonwealth, with limited penalties. It recites that " whereas it is clearly of importance that a just dis-

crimination should be made between such as are duly educated and properly qualified for the duties of their profession, and those who may ignorantly and wickedly administer medicine, whereby the health and lives of many valuable individuals are endangered or perhaps lost to the community," therefore officers of the society are to be appointed to examine candidates for admission to the practice of physic or surgery, and are obliged to make such examination under a penalty for refusal.

The fifth section, which gives the corporation power to suspend, expel or disfranchise any fellows of the society, confers upon them a special and limited judicial power; and so far as the defendants have attempted to try the plaintiffs for the offence alleged against them, with a view to expel them, if found guilty, their action must be regarded as judicial in its character. The common law regards such tribunals as courts of a special and limited jurisdiction. Com. Dig. Courts. There are many tribunals of this character in England; and many have existed from time to time, and some still exist, in this Commonwealth. That the Massachusetts Medical Society has such judicial power is not only apparent from the fifth section of the charter, quoted above, but was so held in *Barrows* v. *Massachusetts Medical Society*, 12 Cush. 402.

The offence with which the plaintiffs are charged is against their duty as corporators; and for such an offence they can only be tried by the corporation. *Rex* v. *Richardson*, 1 Burr. 517, 539. In *Murdock, appellant*, 7 Pick. 303, and *Murdock* v. *Phillips Academy*, 12 Pick. 244, the trial was first had by trustees, then by the visitors by appeal, and again by appeal to this court. But this course of proceeding was regulated by special statute.

Courts of chancery have jurisdiction in a great variety of cases to enjoin parties from proceeding in courts of law. Their jurisdiction extends as well to proceedings in the highest as the lowest and most limited tribunals. In England, the courts of chancery grant injunctions against proceeding in the Court of Queen's Bench, as well as in other courts; and this court has enjoined parties from proceeding in the courts of other states. *Dehon* v. *Foster*, 4 Allen, 545, and 7 Allen, 57.

Injunctions however issue against parties, and not against courts. And the jurisdiction in this respect has legal limits which apply to proceedings in all courts and tribunals.

The general principle is, that a court of chancery is not the proper tribunal to correct the errors and irregularities of inferior tribunals, and that in ordinary cases the court should not interfere. Kerr on Injunctions, *c.* 3, and cases there cited. *Mooers* v. *Smedley*, 6 Johns. Ch. 28. *Morris Canal & Banking Co.* v. *Jersey City*, 1 Beasl. 252. *Mayor of Brooklyn* v. *Meserole*, 26 Wend. 132. *Van Doren* v. *Mayor of New York*, 9 Paige, 388. *West* v. *Mayor of New York*, 10 Paige, 539. *Heywood* v. *Buffalo*, 4 Kern. 534.

The plaintiffs have cited no authority, and we have not been able to find any, which extends to a case like the present, where the inferior tribunal has jurisdiction of the subject matter, and the object of the bill is to correct and restrain alleged irregularities in the pleadings and procedure or in the constitution of the body of triers. In this respect a court of chancery has no more power over the proceedings of a court of special and limited jurisdiction than over the proceedings of courts of general jurisdiction. We might as well issue an injunction to restrain and correct irregularities that are alleged to have occurred in the Superior Court, or in any of the criminal courts, in a case pending there, as in this case.

The case not being within our equitable jurisdiction, there is no occasion to consider the other questions that have been argued.                    *Demurrer sustained, bill dismissed.*