## SULLIVAN *v.* VENNER *et al.*

### *(Supreme Court, General Term, First Department.* March 31, 1892.)

CORPORATIONS—DIRECTORS' MEETING—INJUNCTION.

An injunction will not be granted at the suit of a director of a corporation to restrain the board of directors from holding a meeting, irregular in that they intend to transact business without a quorum, when the only irreparable injury which could be done to plaintiff by such meeting would be the discontinuance of a suit brought by the company against some of its directors, not authorized by any meeting of the board.

Appeal from special term, New York county.

Action by Dennis Sullivan against Clarence H. Venner and others to restrain them from holding an irregular meeting of the board of directors of a corporation. Defendants appeal from an order granting an injunction. Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN, J.

*Root & Clarke,* (*Elihu Root* and *Samuel B. Clarke,* of counsel,) for appellants. *Turner, McClure & Rolston,* (*Herbert B. Turner* and *David McClure,* of counsel,) for respondent.

VAN BRUNT, P. J. This action is brought by the plaintiff, a stockholder and director and one of the vice-presidents of the American Water-Works Company of New Jersey, and it is claimed that the defendants proposed to hold an irregular meeting of the board of directors, in that they intended to

transact business without a quorum.  The articles of incorporation of the association state what shall constitute a quorum, and for the purposes of this appeal it does not seem to be necessary for the court to enter upon a discussion as to whether the plaintiff or the defendants are right in their contention as to what will constitute a quorum, for the reason that all the acts of the board of directors, if a quorum is not present, are necessarily void, and are therefore not binding upon the plaintiff.  It seems to be well settled that under such circumstances the court will not interfere, and that the plaintiff must show in his complaint the manner in which he will be prejudiced, and, unless that appears in some distinct form, it will not interfere.  As was stated by ANDREWS, C. J., in *McHenry* v. *Jewett*, 90 N. Y. 62:  "It is not sufficient to authorize the remedy by injunction that a violation of a naked legal right of property is threatened.  There must be some special ground of jurisdiction, and, where an injunction is the final relief sought, facts which entitle the plaintiff to this remedy must be averred in the complaint and established on the hearing."  The case of *Thomas* v. *Protective Union*, 121 N. Y. 45, 24 N. E. Rep. 24, is an example of this principle.  In that case the plaintiff moved to have certain by-laws of the corporation declared void, and to restrain its directors from enforcing the same against him.  The court held that the invalidity of the by-laws was not a ground of equitable jurisdiction in itself, and that the plaintiff would have other adequate means of redress in case the directors, notwithstanding the invalidity of the by-laws, proceeded to enforce them against the plaintiff.  The court say in its opinion that courts do not sit for the purpose of determining speculative and abstract questions of law, or laying down rules for the future conduct of individuals in their business and social relations, but are confined in their judicial action to real controversies, wherein the legal rights of parties are necessarily involved, and can be conclusively determined.  It is obviously not fit that the power of the court should be invoked in this form for every theoretical or speculative violation of one's rights, and that it is a cardinal rule of equity that it will not entertain jurisdiction of a case where there is an adequate remedy at law, or grant relief unless for the purpose of preventing serious or irreparable injury.  Nothing of this kind is shown in the complaint at bar.  In fact, it would appear that the only serious and irreparable injury which could be done to the plaintiff by the action of a meeting of an incomplete board of directors would be the discontinuance of a suit, brought apparently by the American Water-Works Company against some of its directors, which discontinuance, if ordered, would have far greater authority than the suit had for its institution, the same having been brought without there ever having been even a pretended meeting of the board of directors.  We think that the plaintiff wholly fails to show any ground for the interposition of the court of equity, as the evils which he anticipates are imaginary, indefinite, and undetermined.  The order should be reversed, with $10 costs and disbursements, and the injunction vacated, with $10 costs.