### RAYCH v. HADIDA.

(Supreme Court, Special Term, Erie County.   May Term, 1911.)

1. TRADE UNIONS (§ 4*)—MEMBERSHIP—EXPULSION.

   Plaintiff was a member of a local branch of the Cigar Makers' International Union of America, and the constitution of that body provides that no employer or member of the union shall be deprived of the union label prior to a regular trial with an opportunity to present his case, and that the trial board shall be composed of seven officers or members and shall require five votes to convict.   Only five members of the executive board were present at the plaintiff's trial, but he did not object at the trial.   *Held*, that such defect in the membership of the board could not be urged as ground for an injunction restraining enforcement of the order of the board.

   [Ed. Note.—For other cases, see Trade Unions, Cent. Dig. § 3; Dec. Dig. § 4.*]

2. TRADE UNIONS (§ 4*)—MEMBERSHIP—EXPULSION—WITNESSES—CONFRONTATION.

   A member of a local branch of the Cigar Makers' International Union, when sought to be deprived of the use of the union label, is, under a provision of the constitution of the union that one tried shall have an opportunity to present his case, entitled to be confronted with all witnesses against him, and hear their testimony.

   [Ed. Note.—For other cases, see Trade Unions. Cent. Dig. § 3; Dec. Dig. § 4.*]

3. TRADE UNIONS (§ 4*)—MEMBERSHIP—REINSTATEMENT—NECESSARY PARTIES.

   Plaintiff was a member of a local branch of the Cigar Makers' International Union, and the constitution of that body, in reference to annulling the right of a member to use the union label, provides that the local executive committee shall forward a full statement of facts to the international president, who shall forward a copy of the same to the international executive board who shall have power to approve or reject the terms closing a shop, and that none shall be closed unless two-thirds of the members of the international executive board vote in favor of the closing.   *Held* that, as the final authority to close a shop rests with the executive board of the international union, one whose shop was closed by the executive board of a local union cannot, in an action in which the members of the international board were not parties, secure an order restraining or prohibiting the closing of his shop to the union label.

   [Ed. Note.—For other cases, see Trade Unions, Cent. Dig. § 3; Dec. Dig. § 4.*]

4. TRADE UNIONS (§ 4*)—MEMBERSHIP—EXPULSION—APPEALS.

   Where the constitution of a cigar makers' international union gave a member a right of appeal from the decision of a local union denying him the right to use the union label, to the president of the international union, and from the president to the executive board, a member cannot seek relief in a court of law until he has exercised his remedies by appeal.

   [Ed. Note.—For other cases, see Trade Unions, Cent. Dig. § 3; Dec. Dig. § 4.*]

Motion by Rachmil Raych against John Hadida, as president of the Cigar Makers' & Packers' Union No. 2 of Buffalo, N. Y., for preliminary injunction.   Motion denied.

Emil Rubenstein, for plaintiff.
Frederick Haller, for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

WHEELER, J.   This motion is made by the plaintiff upon affidavits, for an order enjoining, restraining and prohibiting Cigar Makers' & Packers' Union No. 2, pendente lite, from refusing to issue to the plaintiff union cigar labels, commonly known as the "Blue Label," for use on cigars made in his factory.

It appears that the plaintiff is a member of the defendants' association, which is a local union, and that its members are also members of the Cigar Makers' International Union of America, the local union being a subordinate organization within the larger association of the International Union, and subject to the constitution and by-laws of the larger union, both organizations having officers for the government of their respective bodies.   The International Union has adopted and prepared a label for use on union-made cigars.   By its constitution, these labels are furnished to the local unions by the president of the International Union.   Local unions are authorized to issue the labels through shop committees to such union shops engaged in the manufacture of cigars as abide by the union's regulations as to the employment of union labor, and the price to be paid for their services, and the prices to be asked for the cigars put upon the market.   These labels may be furnished manufacturers complying with the conditions proposed, although not members of the union, but the constitution apparently entitles "members" of the union to the labels by virtue of their membership, provided they comply with the regulations as to their use.

[1]  The 159th section of the constitution of the International Union provides no employer or member of the union shall be deprived of the use of the label "prior to a regular trial, with an opportunity to present his case personally, by attorney, or in writing.   The trial board shall be composed of seven officers or members, and shall be elected annually in the month of January for the period of one year.   All charges must be submitted in writing, and it shall require five votes to convict."   On January 28, 1911, written charges were filed against the plaintiff.   He denied their truth, and asked for an adjournment of the matter, which was granted.   On the adjourned day he appeared before the board, and was granted a further adjournment to meet the charges, and on February 18th the plaintiff again appeared and certain witnesses were examined, and the plaintiff made certain statements in his own behalf.   He was then excused and left the room, and at no time requested or demanded to be further heard, or be present at any further proceeding.   Subsequently witnesses produced by the plaintiff were examined singly, and in the absence of the plaintiff.   The plaintiff, in his affidavit, asserts that only five members of the executive board were present at the meeting of February 18th; that no one was left in the room after the plaintiff left, and the other witnesses were not present, and the inference is that he was not aware it was the intention of the board to call other witnesses.   He swears no trial board was ever elected as required by the constitution of the International Union.   But article 13 of the local union provides that the executive board of the union shall decide all questions arising between meetings, and that they shall act in conformity with the Inter-

national Union. The plaintiff does not swear he did not fully understand that the executive board was investigating the charges against him, nor does he claim that he ever objected to their right to hold the inquiry and report on the charges. He does now claim it was not a properly constituted board authorized to hear and dispose of the charges against him. We think he should have raised that question before or at the hearing, but he did not.

[2] Undoubtedly he had the right to be confronted with all witnesses, to hear their testimony, and to be present at the entire proceeding. He left, probably, under a misapprehension as to what further proceedings were to be had, and the local executive board in charge of the matter failed to affirmatively inform him that they proposed calling other witnesses. They did not, however, advise him when he left that the hearing was closed. They simply gave the plaintiff permission to retire.

[3] The executive committee found the charges sustained, and reported the fact to the local union, and at a meeting of the local union held on the 13th of March, 1911, that union, by vote, recommended that the plaintiff's shop be closed to the use of the union label, and that application should be made, pursuant to paragraph 200 of the constitution, to the officers of the International Union to close plaintiff's shop. This was done, and the action of the local union was approved by the executive committee of the International Union. The section referred to required a full statement of the facts to be made to the international president, "who shall forward a copy of the same to the international executive board, who shall have power to approve, reject, or modify the terms of the closing of said shop. No shop shall be closed unless two-thirds of the members of the international executive board vote in favor of the closure." It thus appears that the final right and authority to close a shop to the use of the union label rests with the executive board of the International Union, none of whom are parties to this action. All the preliminary proceedings before the local union or its boards are simply for the purpose of placing the facts before the executive committee of the International Union for final action.

We are unable to discover how, in this action against the local union, the court can restore to the plaintiff his rights to the use of the union label, if he has been wrongfully deprived thereof. It would seem that the proper action to be brought should be against the proper officials of the International Union who passed final and authoritative judgment as to whether the plaintiff's shop should be closed or not. The action of the local union was, under the constitution, advisory to the international execution board, and the local union and its committees or boards appear to have no power to close a shop. Any judgment or order which the court might make in this action wherein the local union alone is party defendant would not affect the action of the officials of the International Union, or restore the plaintiff to his rights, if he has been wrongfully deprived thereof. The constitution speaks of the local unions as custodians of the labels furnished by the international president. These labels, under the organization of the

International Union, are not the property of the local unions. They are custodians of the labels, and only authorized to issue them in conformity to the provisions of the constitution of the International Union. Under such circumstances and conditions, we are unable to see how, after official action by the executive board of the International Union depriving the plaintiff of the right to use the union label, this court can restore to the plaintiff the right to use such label in an action against the local union alone. The proper parties, we think, are not before the court. This necessarily works a hardship upon the plaintiff, because the officials of the International Union are not within the jurisdiction of this court, and the plaintiff, to sue such officials, will be compelled to go into courts of a sister state. Nevertheless he joined an association with a constitution containing these peculiar provisions, and must be deemed bound by them. For these reasons alone, we must deny the plaintiff's motion, even assuming his contention to be true, that the preliminary proceedings before the executive board of the defendant were irregular and without authority.

[4] There are further reasons, however, why the motion for a preliminary mandatory injunction should not be granted, assuming for the argument that the differences out of which this litigation springs are purely between the plaintiff and the defendant in this action.

Section 44 of the constitution of the International Union, among other things, provides that the "president" (i. e., the international president) "shall decide all questions of law, or regulate any controversy or difficulty that may arise between the local unions, or members of the union, or the local unions and the International Union, subject to an appeal to the executive board, whose decisions shall be final, unless reversed by an appeal to a popular vote of the members." It may be that, technically, this section does not cover a case of a controversy between a member and his local union, but the affidavits filed assert that this section has been given a practical interpretation as to this rule or law of the society, and that by a long line of decisions and rulings of the president and other officers, it has been held that a person, whether he be a member of the International Union, or a manufacturer who is not a member, having any business of any sort with any of the officers or local representatives, or local unions or officers of the local unions, and particularly with reference to the label in suit, always had, and still has, the right to appeal from any action, decision, or ruling of any trial board or label custodian, in the first instance to the president of the Cigar Makers' International Union, and then from the decision of said president to the executive board. If this be true, then the plaintiff has not exhausted his remedy to restore his rights for the alleged unlawful closing of his shop to the use of the union label. Until the plaintiff has exhausted his remedies provided by the International Union, he cannot invoke the aid of the courts to right his wrongs.

It was said in the case of Lafond v. Deems, 81 N. Y. 507, at page 514:

"Courts should not, as a general rule, interfere with contentions and quarrels of voluntary associations, so long as the government is fairly and hon-

estly administered, and those who have grievances should be required in the first instance to resort to the remedies for redress provided by their rules and regulations. This had not been done in the case considered, and, under such circumstances, no action lies. None of the authorities cited by the plaintiff's counsel sustained the position that the remedy is at law or in equity, unless there is well-grounded cause for complaint; and even then an opportunity should be given to correct the cause of complaint within the organization, where it can be properly done."

This rule has been applied to cases where parties have failed to avail themselves of the right to appeal provided by the laws of such associations. Johansen v. Blume, 53 App. Div. 526, 65 N. Y. Supp. 987, citing Niblack's Mutual Benefit Societies, § 111. See, also, Matter of Brown v. Supreme Court, 66 App. Div. 262, 72 N. Y. Supp. 806; Shirtcliffe v. Wall, 68 App. Div. 376, 74 N. Y. Supp. 189; Poultney v. Bachman, 31 Hun, 49; Thomas v. M. M. P. Union, 121 N. Y. 55, 24 N. E. 24, 8 L. R. A. 175.

The plaintiff may still appeal to the president of the International Union, and lay before him the whole matter, not only on the record made, but doubtless may submit for his consideration the very matters urged here why the action of the local union, so far as it affects his rights, should not stand. We, however, prefer to base our decision upon the ground first stated in this opinion, that the officials of the International Union are the parties against whom relief must be sought, and not the local union.

For the reasons stated, the motion for an injunction, pendente lite, is denied, with $10 costs of the motion. So ordered.