LOCAL UNION NO. 1006 v. BROTHERHOOD OF PAINTERS, DECORATORS, AND PAPERHANGERS OF AMERICA.

(Supreme Court, Special Term, Kings County.   November 23, 1914.)

1. CORPORATIONS (§ 189*)—MEMBERS—ACTIONS AGAINST CORPORATIONS.
    The courts will not interfere to settle differences between membership corporations and their members in matters affecting internal administration or discipline, unless the rights accorded to the members by the laws of the organization are denied, disregarded, or invaded.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 706–722; Dec. Dig. § 189.*]

2. TRADE UNIONS (§ 4*)—ACTIONS BY MEMBERS—CONDITIONS PRECEDENT.
    Where the constitution of a labor union provided for redress of grievances by appeal to the general executive board, whose decision should be final unless reversed by the next general assembly, the court will not interfere in behalf of a local union until it has availed itself of the remedy given by the constitution.
    [Ed. Note.—For other cases, see Trade Unions, Cent. Dig. § 3; Dec. Dig. § 4.*]

Action by Local Union No. 1006 against the Brotherhood of Painters, Decorators, and Paperhangers of America. On motion of the plaintiff for temporary injunction. Denied.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
    149 N.Y.S.—65

Sidney J. Cowen, of New York City, for the motion.

Hillquit & Levene, of New York City (Morris Hillquit, of New York City, of counsel), opposed.

BENEDICT, J. [1] The supervisory powers of this court over membership associations to prevent the invasion of the legal rights of their members by the duly constituted authorities of the associations are not to be denied. But, unless and until such rights, as by the laws of the organization are accorded to members, are denied, disregarded, or invaded, this court will not and should not interfere. Certainly, in all matters affecting the discipline of members for acts claimed to be in violation of the rules, regulations, and government of the organization, this court will ordinarily refrain from interfering, if the provisions which have been adopted by the organization for the control and discipline of its members have been followed in the given case. If the court were to attempt to settle the differences which are constantly arising in membership corporations concerning questions of internal administration or discipline, not only would the court have little time for its ordinary labors, but the associations themselves would be in constant strife and turmoil over disputed questions of authority or policy, to the great detriment of the members.

[2] In the case under consideration the defendant, the Brotherhood of Painters, Decorators, and Paperhangers of America, has a constitution, carefully drawn, and containing, in its 272 sections, rules for the government and regulation of the individual members, the district councils, and the local unions of the order in all their varying relations towards one another and to itself. These rules appear to be fair and reasonable, in so far as the court has had an opportunity to examine them, and they contain ample provisions for the redress of grievances by appeal to the general executive board, whose decision shall be final unless reversed at the next regular session of the general assembly. Sections 32, 33, 34. It does not appear that the plaintiff has made use of the remedies so afforded. Until that has been done, this court ought not to interfere, nor assume in advance that injustice would be the only result of such appeals. Upon this point the cases of Thomas v. Musical Mutual Protection Union, 121 N. Y. 45, 56, 24 N. E. 24, cited in 8 L. R. A. 175, note, and Mead v. Stirling, 62 Conn. 586, 27 Atl. 591, 23 L. R. A. 227, are direct authorities against the plaintiff's right to an injunction.

Besides this, the facts set forth in the complaint and moving affidavits do not make it appear that the plaintiff will be entitled to a judgment against the defendant restraining the commission of an act, the commission or continuance of which, during the pendency of the action, would produce injury to the plaintiff, nor that the defendant threatens, or is about to do, an act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual (Code Civ. Proc. §§ 603, 604); and, moreover, the material facts are controverted by the defendant, and unless they be established upon the trial of this action the plaintiff cannot prevail. I should not, in the face of the defendant's sworn denials and of the documentary proofs submitted assume that the plaintiff will prevail.

In view of these doubts, both as to legal right of the plaintiff to maintain the action and as to the existence of the facts necessary to be proven in order to maintain it, the motion for the injunction pendente lite should be denied.   McHenry v. Jewett, 90 N. Y. 58.   No costs.