FRANCIS W. J. HURST, Respondent, *v.* THE NEW YORK PRO-
DUCE EXCHANGE et al., Appellants.

(Argued June 23, 1885; decided October 6, 1885.)

THIS was an appeal from an order of General Term affirm-
ing an order of Special Term granting a temporary injunction.

The action was brought by plaintiff, a member of defend-
ant, the New York Produce Exchange, and an agent of the
National Steamship Company, to restrain said defendant from
entertaining a complaint against him by defendant Carhart, an
agent of the New York, Lake Erie and Western Railroad Com-
pany. The complaint and affidavits upon which the tem-
porary injunction was granted alleged, in substance, that
said railroad company delivered at the wharf of the steamship
company certain goods to be shipped by one of its steamers,
which was unloaded at the wharf. An accidental fire broke
out on the wharf, which destroyed the same, with the merchan-
dise thereon, including the goods so delivered. After the fire,
the railroad company claimed payment for freight and charges,
which plaintiff, as agent, as aforesaid, refused to pay, on the
ground that under the bills of lading his company was not
liable. Carhart thereupon presented to the complaint com-
mittee of the Exchange, a complaint accusing plaintiff of pro-
ceedings inconsistent with just and equitable principles of

trade, and because of such refusal plaintiff was summoned before said committee. He appeared and entered a protest that the case was not within its jurisdiction, on the ground that his liability was doubtful as matter of law, and the questions involved were then being litigated in the courts. The committee proposed an arbitration, which plaintiff declined. The complaint was then referred to the board of managers of the Exchange, who summoned plaintiff to appear before them. He repeated his protest as to jurisdiction. The board, however, threatened to proceed with the matter.

·The principal question discussed was as to the jurisdiction of the board of managers to entertain a complaint in such a case. Three of the members of the court who voted for a reversal of the order held that the board had jurisdiction, and that the court had no right to interfere in advance of any action· on its part violating any right of plaintiff. The three dissenting members held that the board had no jurisdiction, and its threatened action authorized the order appealed from. ANDREWS, J., without passing upon the question of jurisdiction, concurred for reversal on the ground that " upon the facts the remedy by injunction would not lie, as no violation of plaintiff's rights had happened, or may ever happen, and no injury thereto is threatened in such a sense as justifies a preventive remedy." As a majority of the court did not concur in either opinion the case is not reported in full.

*Benjamin H. Bristow* for appellants.

*John Chetwood* for respondent.

EARL, J., reads for reversal of order and dissolution of temporary injunction; RUGER, Ch. J., and MILLER, J., concur; ANDREWS, J. concurs in result (on ground above stated).

DANFORTH, J. (dissenting), reads for affirmance; RAPALLO and FINCH, JJ., concur.

Order reversed.