Sons of Italy, Grand Lodge, Inc., and Others, Plaintiffs, *v.* Supreme Lodge of the Sons of Italy in America, Inc., and Others, Defendants.

Supreme Court, New York County, August 4, 1925.

Benevolent associations — application for injunction pendente lite restraining defendants, officers of national organization of Sons of Italy and members of supreme arbitration committee thereof, from prosecuting within courts of said order charges preferred against plaintiffs, officers of State organization of said order — defendants failed to obtain consent of grand council of said organization and to fix approximate date on which plaintiffs committed offenses charged as required by national by-laws of said order — plaintiffs, having exhausted remedies within order, entitled to equitable relief — plaintiff organization deemed affiliated organization of national body — contemplated suspension of officials of plaintiff organization warrants injunctive relief.

Plaintiffs, officers of the grand council of the Sons of Italy, the State unit of defendant national organization of the Sons of Italy order, are entitled to an injunction *pendente lite* restraining the defendants, as officers of said national organization, together with the members of the supreme arbitration committee, a judicial tribunal within it, from further prosecuting, within the courts of said order, certain charges preferred against the officers of the State organization of the order, where it appears that the by-laws of the national body, which confer upon the arbitration committee the power to try its State officers, make the consent of the grand council of the State organization a condition precedent to the trial of any charges; that defendants neither obtained the consent of the said grand council to. prosecute the charges nor fixed the approximate date on which the plaintiffs committed the offenses charged; that the committee, before whom plaintiffs were ordered to stand trial, disregarded plaintiffs' objections and denied their motion to dismiss the charges for lack of jurisdiction; and that plaintiffs were afforded no further remedy within the laws of the order, in the nature of an appeal from the ruling of the arbitration committee. Plaintiffs, having exhausted all remedies within the order, are entitled to equitable relief in the Supreme Court.

The plaintiff organization is an affiliated organization of the defendant. body, since the latter has dealt with the plaintiff body in its corporate capacity for

the last fourteen years, accepted the *per capita* taxes and dues of its members, and recognized its delegates at the national conventions.

Moreover, in view of the *quasi* public property involved, the plaintiffs should not be compelled to jeopardize the welfare of their members by reason of a provision in the constitution of the national body, requiring the expulsion of any member who shall begin any proceeding in the civil courts before he has first stood trial before the arbitration committee.

APPLICATION for an injunction *pendente lite* restraining the defendants, as officers of the Supreme Lodge of the Sons of Italy in America, the national organization of the Sons of Italy order, and the members of the supreme arbitration committee, which is a judicial tribunal within it, from further prosecuting within the courts of the order certain charges preferred against the officers of the Grand Council of the Sons of Italy, Grand Lodge, Inc., the New York State organization of the order.

*Philip Bongiorno*, for the plaintiffs.

*Hughes, Rounds, Schurman & Dwight*, for the defendants.

LEVY, J.:

It appears that the officers of the national organization, through its supreme orator, an official corresponding to a prosecuting attorney, filed certain charges against the officers of the State organization for alleged failure to use a certain newly adopted membership application blank alleged to have been adopted by resolution at the last national convention of the order. The trial of these charges before the supreme arbitration committee was set for June 27, 1925.

This body has original jurisdiction to try charges against grand officers, the title by which the functionaries of the grand council of any State body are designated. However, the very article of the by-laws of the National body which confers upon this committee the power to try grand officers, namely, article 284, subdivision c, requires as a condition precedent to the trial of any such charges that the consent of the grand council of which said officer is a member be first obtained. There can be no doubt as to this interpretation of the article in question, especially since the same prerequisite must be met before a trial can be had of charges preferred against the officers of the National body under article 281. We are not concerned with the wisdom of such a provision in the by-laws, as it has been well established by many decisions in this State that the courts will recognize the laws of voluntary fraternal associations so long as they do not trespass upon the vested rights and privileges of its members under the laws of the land. The fact is that the consent of the grand council of this State must first

**574** Sons of Italy, Grand Lodge, Inc., *v.* Supreme Lodge, Inc.

Supreme Court, August, 1925. [Vol. 125

be obtained before any of its officers can be placed on trial, and it is conceded that this consent had not been obtained before the plaintiffs were proceeded against, nor was any attempt made to obtain it. This objection clearly goes to the jurisdiction of the supreme arbitration committee to try the plaintiffs, and the point made by the defendant that it would be an idle act to request the consent of the grand council of this State since all its officers were under charges, has no force, as the by-laws of the order do not provide for such a contingency, and the officers of the supreme lodge cannot arrogate to themselves powers not conferred in the by-laws, by reason of the fact that these same by-laws fail to provide for the happening of a certain unforeseen contingency. This point becomes even more important if it is considered that the very action of the supreme body, in accusing *all* the officers of the grand council individually instead of selecting certain responsible persons, barred the way to the consent necessary to jurisdiction. The provisions for such consent seem to have been dictated for the protection of the autonomy of the various State bodies and to secure them from oppression. It is an important prerequisite to jurisdiction and it cannot be brushed aside.

Analogies drawn from stockholders' actions, in which the corporation is made a defendant, without the previous consent of hostile directors to an action by the corporation as plaintiff, are not helpful. There is no reason to assume *a priori* that the grand council would refuse to consent to a trial of one or more members on disciplinary charges. If it wrongfully did so, the will of the electors choosing the successors of the grand council at the next election would emphatically express itself very likely in disapproval. In the meantime the autonomy of the State order would be preserved in accordance with the spirit of the laws governing it.

All the plaintiffs appeared either in person or by counsel before the supreme arbitration committee at the Hotel Pennsylvania on June 27, 1925, and entered a special appearance for the purpose of objecting to the jurisdiction of that tribunal on the ground previously mentioned, and on the further ground that the charges failed to comply with the provisions of article 293 of the by-laws in failing to state either exactly or approximately the date on which it is alleged the offense was committed, or the names of the officers of the National organization whose orders were disobeyed, the specific orders which were violated, whether or not the plaintiffs were charged with acting singly or in concert, and what articles of the by-laws the acts of the accused are alleged to have breached.

The most important of these objections raised by the plaintiffs before the committee is the one referring to the absence of an

exact or approximate date on which it is alleged the plaintiffs committed the offense indicated. Article 311 of the by-laws provides that unless charges are made within three months after the occurrence of the alleged offense, they become outlawed. Article 312 provides that the trial upon such charges shall not proceed, unless the accused waives the defense of the Statute of Limitations stated in article 311. In the instant case the charges absolutely failed to fix any date of the occurrence of the offense, either exactly or approximately. This omission was a serious one, since the accused were thereby deprived of the right to raise this defense. The charges furthermore were not signed by the complaining witness or by the prosecuting attorney.

All of the foregoing objections were duly mentioned by the plaintiffs upon their special appearance, but the supreme arbitration committee wholly disregarded them, and denied plaintiffs' motion to dismiss the charges for lack of jurisdiction, and informed the latter that they intended to proceed with the trial. They thereupon obtained an order from this court, with a temporary stay, directing the defendants to show cause why an injunction *pendente lite* should not be granted, staying them from further proceeding with the trial of the charges against the plaintiffs until the determination of the action brought for a permanent injunction.

Counsel for the defendants has well stated what is generally the law, that before an appeal for relief can be made to the courts, a member of a fraternal membership organization must exhaust his legal remedies within the order. Plaintiffs concede this to be so, but contend that they have complied with this requirement and have exhausted all their remedies within the order before applying to this court for injunctive relief.

It appears that there is only one other tribunal in the order higher than the supreme arbitration committee and that is the supreme arbitral court. Articles 299 and 300 of the by-laws are the only articles which make provision for an appeal from a decision of the supreme arbitration committee. Article 299, however, limits the right to appeal to two instances, namely, from an adjournment and from an order of nonsuit. This is confirmed by a reading of article 300 immediately following, which states that an appeal from an order of adjournment or from an order of nonsuit must be taken within ten days after such order is communicated to the interested party by the clerk of the court. Appeal on the ground of lack of jurisdiction does not, therefore, seem to be provided for.

It has been too long established to admit of any discussion that the right to appeal is not an absolute right, but is a privilege, and

**576** Sons of Italy, Grand Lodge, Inc., v. Supreme Lodge, Inc.

Supreme Court, August, 1925. [Vol. 125

that unless this privilege is granted by some legislative enactment such right does not exist. Furthermore the legislative body has the power to restrict the right of appeal to certain instances only. The mere establishment of courts of appeal does not in itself fix the right of appeal thereto.

In the instant case we find that the plaintiffs are afforded no further remedy by the laws of the order in the way of an appeal from the ruling of the supreme arbitration committee denying their motion to dismiss the charges on the jurisdictional grounds stated before, and the plaintiffs were, therefore, justified in resorting to this court for relief. For reasons pointed out later, they were not bound to await the adverse decision of the supreme arbitration committee on the merits, where there existed the probability of an adverse decision, and the rendering of it would produce irreparable injury to the plaintiffs. They are being prosecuted under article 340, subdivision a, of the by-laws, and under this provision it is conceded only one judgment is possible, and that is a suspension from office for a period of one to six months. There can be no question but that the Sons of Italy, Grand Lodge, Inc., of this State, of which the plaintiffs are officers, is vitally interested in these proceedings and a proper party plaintiff, since by an adverse decision of the supreme arbitration committee it would be deprived of all its officers and be left without an administrative body to administer the sick, death and other benefit funds of the grand lodge in this State, to continue its social welfare and educational activities, and to administer the funds and properties aggregating $500,000, in which 40,000 members are financially interested.

Furthermore, an adverse judgment on the part of the supreme arbitration committee would affect certain vested rights of the plaintiff officers since by article 370 of the by-laws a judgment of suspension against any brother of the order carries with it a suspension of his rights to sick and other benefit funds, and deprives him of the right to vote and to take the floor in any meeting.

I do not agree with the defendants that the plaintiff Sons of Italy, Grand Lodge, Inc., of this State is not an affiliated organization of the defendant Supreme Lodge of the Sons of Italy in America, Inc. The defendant organization appears to have been dealing with the plaintiff body ever since February, 1911, in its corporate capacity, accepting *per capita* tax and dues and recognizing its delegates sent to the national conventions. The fact that the plaintiff organization was continued by a special legislative enactment of this State (Laws of 1923, chap. 217) did not change the status of the corporate plaintiff. Moreover, the incorporation of a subordinate organization is entirely consistent with the membership

of such a corporation in a larger order under a conventional charter from the latter body. (*Goodman* v. *Jedidjah Lodge, etc.*, 67 Md. 117. See, also, *Wells* v. *Monihan*, 129 N. Y. 161.)

The papers before me are replete with accusations on the part of the plaintiffs against the defendants to the effect that these charges are not brought in good faith and that particularly the Supreme Master Di Silvestro has been guilty of un-American activities and occupying positions and exercising functions inconsistent with his duties as head of the order Sons of Italy, which was apparently conceived as an American institution without regard to policies or religion. It is alleged that Di Silvestro is attempting to install the principles of Fascismo in the order and to subordinate it to the Fascisti party in Italy and to other foreign institutions, all of which would tend to weaken the loyalty of the members of the order to this country. Copies of telegrams, speeches, letters, and insignia are among the papers. While this is a collateral issue, it nevertheless would seem to show the existence of broad questions which the defendant organization could not fairly and competently determine, and which would call for the intervention of an impartial judicial tribunal.

Defendants contend in opposition that a court of equity will not grant an injunction under these circumstances, and cite in support the case of *Hurst* v. *New York Produce Exchange* (100 N. Y. 605). In that case the plaintiff sought to restrain the defendant from proceeding with certain charges against him, on the ground of lack of jurisdiction. By a closely divided court the application was denied. Writing for the majority, but apparently not expressing its views in this particular, Judge Earl said: " But so long as a proper charge is made and the managers are acting within their jurisdiction regularly and in good faith, no court ought to interfere." From this the inference might be drawn that if the managers had proceeded without jurisdiction, plaintiff would have been granted the relief asked for. On the other hand, the Court of Appeals in *Thomas* v. *M. M. P. Union* (121 N. Y. 45, 57), commenting upon this case, said: " We practically held in the *Hurst Case* that the remedy by injunction could not lie, as no violation of plaintiff's rights had happened, or may ever happen, and no injury thereto is threatened in such a sense as justifies a preventive remedy, and the rule there adopted must govern this case."

There are, however, certain distinguishing features in the case at bar, which impel me to grant the remedy. The *Hurst* case was a proceeding by an individual. No public property rights were involved, and no showing of irreparable damage. In this case the

37

proceeding is against the entire governing body of the New York jurisdiction of the order. It is not difficult to conceive the possibilities of the damage which the suspension of these officials may cause to the larger membership in New York, who would be the innocent sufferers. There is no doubt about the power of a court of equity to intervene after the formal order of suspension by the supreme arbitration committee. (*Stein* v. *Marks*, 44 Misc. 140.) On the other hand, in view of the important quasi-public property interest involved, the plaintiffs should not be compelled to jeopardize the welfare of their members by inviting a chaotic situation in the administration of the New York order in submitting to the actual infliction of damage, which could not be easily repaired. If this application involved merely individual members, I should hesitate to grant the remedy at this stage. But in view of the fact that the fortunes of the individual plaintiffs are inextricably bound up with those of the plaintiff corporation, the relief granted to the latter, naturally embraces the individual plaintiffs as well. Besides, article 368, as pointed out by the defendants themselves, provides that no official or member should start any proceeding in the civil courts until he has first stood trial before the arbitration committee. " Any one failing to comply with this provision is expelled *ipso facto* from the order without the necessity of any trial, and the lodge of which he is a member must take immediate action to cancel his membership." So that, if this provision were interpreted literally, the plaintiffs would be deemed to have been expelled from the order for failing to go through the idle ceremony of having a sentence of suspension imposed upon them by a tribunal said to be prejudiced and acting without jurisdiction. Such a result would be highly inequitable. Cases abound in the books, in which the extreme steps of exhausting formal remedies within the association on the part of aggrieved members notwithstanding the general rule, have been dispensed with, and resort to the courts none the less allowed. (*Matter of Brown*, 34 Misc. 556; 66 App. Div. 259; 176 N. Y. 132.) Such special circumstances exist here, even if it should be assumed that formally the plaintiffs have not fully resorted to their remedies under the rules of the association. (*Loubat* v. *LeRoy*, 40 Hun, 546, 548.) The last case was cited with approval in *Simmons* v. *Berry* (240 N. Y. 463). The court held that a cause of action for equitable relief was stated, because of the absence of a provision in the constitution or by-laws of the organization whereby plaintiff had a remedy by appeal to any organ within the association.

The motion for an injunction *pendente lite* is, therefore, granted. Settle order on notice.