ALEXANDER POLIN, Plaintiff, *v.* SAM KAPLAN, as President of Moving Picture Machine Operators Union of Greater New York Local No. 306 of the International Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada, Defendant.

CHARLES SCHNEIDER, Plaintiff, *v.* SAM KAPLAN, as President of Moving Picture Machine Operators Union of Greater New York Local No. 306 of the International Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada, Defendant.

Supreme Court, New York County, January 14, 1930.

*Samuel M. Birnbaum*, for the plaintiffs.

*Phillips, Mahoney, Leibell & Fielding*, for the defendant.

DUNNE, J. Plaintiffs, who claim to have been illegally expelled from the defendant union and as a consequence to have lost their employment, seek herein to restrain *pendente lite* the officers of such union from enforcement of the said expulsion.

It is alleged that plaintiffs were discharged because of the following " overt acts:" " 1. The institution and instigation of ' certain proceedings ' in the Supreme Court, Queens County, setting forth ' charges and accusations against the officers of the union ' and seeking ' redress ' therefor. 2. The causing ' to be

circulated ' and aiding ' in the circulation of certain printed articles of a libelous nature containing false and inaccurate statements charging the officers of the union with violations of provisions of the constitution and by-laws and other illegal practices.' " Defendants claim that plaintiffs should have instituted impeachment proceedings under article 10 of the constitution of the organization rather than resorting in the first instance to an appeal for redress from the State courts. I do not think that the defendants' contention is sound. It is true that the acts complained of in the action may have been cognizable in impeachment proceedings within the union, but it also seems clear that the determination of the legal questions involved and the award of relief therein sought was beyond the power and the jurisdiction of the tribunal within the organization. A final and juristic determination could only be had in a court of general jurisdiction. The court is, therefore, of opinion that article 10 did not afford a remedy for the alleged grievances involved in the action and that a resort to the civil courts instead of to impeachment proceedings within the organization was not violative of the organic laws of the latter.

Courts may decline to pass upon the reasonableness of a by-law to which a member has subscribed by his act in joining the union. But the legality of constitutional provisions or by-laws, under the law of the land and the principles underlying public policy, fall peculiarly within the province of the courts. I think, therefore, that this action is a proper one, in that it puts in issue the legality of the action of the union in expelling the plaintiffs for the reasons alleged in the charges.

It is claimed, however, in opposition hereto that plaintiffs are to be precluded from their present relief, in that they have not as yet .exhausted the remedies for reinstatement as provided by the rules of the union. It is true that the constitution of the latter provides for successive appeals. It is likewise true that courts reluctantly approach what may be an interference with the internal affairs of a union. Generally a court will refuse to act in relief until it is shown that the remedies provided by the organization itself have been exhausted. But the rule is not adamant, and in a proper case admits of variation. As above suggested, the court is of opinion that the legality of the actions of the defendants in expelling the plaintiffs depends upon questions of law beyond the power and jurisdiction of the organization to finally determine. Under such circumstances a series of appeals to tribunals without the power of final adjudication seems not to be a condition precedent to a resort to the civil courts. This principle has been recognized in *Matter of Brown* (34 Misc. 556, 561); *Bray* v. *Grand Lodge,*

*Knights of Pythias* (121 id. 764; 7 C. J. § 83, p. 1122). Finally, an application of the principles of simple justice, unfurbished with technical finesse, operates in favor of plaintiffs under the facts of the present situation. Pending the litigation, and previous to trial, at which time a proper research may be made into all the facts, no harm can befall the defendant organization by the granting of the present relief. Quite to the contrary, it does not appear that the interests of the defendant organization require that in the meantime the plaintiffs be precluded from employing their accustomed means of livelihood.

Motions granted. The amount of bonds to be fixed in the order, which will be settled on notice.