ISIDORO TRICARICO, FRANCESCO CHIECO, FRANCESCO GUACCERO, JOHN CENTRONE, NICOLA FRANCABANDIERI and VITO P. BATTISTA, Members in Good Standing of SOCIETY OF SAINT JOSEPH PALO DEL COLLE, ITALY, INC., on Behalf of Themselves and All Other Members of Said SOCIETY OF SAINT JOSEPH PALO DEL COLLE, ITALY, INC., Similarly Situated, Appellants, v. SOCIETY OF SAINT JOSEPH PALO DEL COLLE, ITALY, INC., LORENZO CAPUTO, GENNARO CUTRONE, LORENZO CASSANO, MICHAEL SCORCIA, NICOLA SANTORO, VINCENZO TULLO, ANTONIO CAPUTO, VITO BATTISTA DI MARCO, FRANCESCO GUIDO, LUIGI CAPANUNO, GIUSEPPE CUTRONE No. 1, FRANCESCO GIOVANIELLO, NICOLA GUIDO, NATALE AUCIELLO, DOMENICO TULLO, GIOVANNI STALLONE, GIUSEPPE CUTRONE No. 2, NUNZIO SAVINO, GIOVANNI AGREPPINO, MARCELLO PAGANO, VITANGELO ALBANESE, FRANCESCO VULPIS, NICOLA LOSURDO, GIACOMO TOSCANO, VITTORIO GIAMBALVO, GIUSEPPE GIOVANNIELLO, LEONARDO PEDONE, MARTIRE STALLONE, ANTONIO GRUMO, ANGELO CAPUTO, MARCO STALLONE DI NUNZIO, GUISEPPE COLETTO, VITO ALBANESE, FRANCESCO DACCHILLE, GIUSEPPE LAPIETRA, Respondents; AMERICAN TITLE AND GUARANTY COMPANY and ANTONIO SABIA, Defendants. (Appeal No. 2.) — In a derivative action brought by the plaintiffs-appellants, in the right of the corporate defendant society, to recover damages from certain individual defendants-respondents because of injury to the corporation resulting from their various alleged tortious acts, and for an accounting and other relief: (a) Order dated June 29, 1937, denying plaintiffs' motion for an injunction *pendente lite* reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs; (b) appeal from order dated August 13, 1937, denying plaintiffs' motion to restrain the defendants-respondents from proceeding pending the determination by this court of the appeal from the order of June 29, 1937, dismissed, without costs. Proper exercise of discretion requires that the trial of the charges against the two main plaintiffs before the council of discipline of the defendant society should be enjoined and the *status quo* maintained pending the trial of this action, which may and should be tried promptly, and judgment thereon. Such maintenance of the *status quo* will in no way conflict with the rule relating to non-interference by the courts with internal affairs of a corporation in advance of corporate action which it is claimed will be violative of a member's rights. (*Hurst* v. *N. Y. Produce Exchange*, 100 N. Y. 605.) Here there is at least a *prima facie* showing by the plaintiffs that the decision by the council of discipline, controlled by the respondents, upon the charges against the two main plaintiffs is likely to be unjust, arbitrary and wrong (Id.) and to result in rendering ineffectual, as far as the plaintiffs' vested rights in the society and its property are concerned, the judgment in this action (Civ. Prac. Act, § 878, subd. 1). The plaintiffs-appellants' showing is also to the effect that the charges against those plaintiffs followed the institution of this action, and that the bringing thereof precipitated the charges. Unlike the case relied upon by the learned Special Term (*Thomas* v. *M. M. P. Union*, 121 N. Y. 45), the present record is not " barren of evidence tending to show that any injury is reasonably likely to happen to " plaintiffs. In view of our disposition of the appeal from the order of June twenty-ninth, the appeal from the order of August thirteenth has become academic. Hagarty, Carswell, Davis, Adel and Taylor, JJ., concur.