SIDNEY REITER, Plaintiff, *v.* THE AMERICAN LEGION et al.,
Defendants.

Supreme Court, Special Term, New York County, July 1, 1947.

*Alfred L. Tanz* for plaintiff.

*Solomon Kreitman, Edmund J. O'Keefe, Ralph B. Gregg* and *Samuel M. Birnbaum* for defendants.

SCHREIBER, J. Plaintiff, a member of The American Legion, summoned to answer charges which if sustained may lead to his expulsion from that organization, seeks an injunction, *pendente lite,* to stay all proceedings against him. The action is brought against The American Legion (a corporation created by act of Congress), against The American Legion post of which he is a member, and against certain officers and members of such post. He seeks a judgment (1) adjudicating in substance that the defendant organization is without power to expel a member because of his political beliefs or affiliations, and specifically because of his membership in or affiliation with the Communist Party of the United States, and (2) restraining the defendants from proceeding upon the charges heretofore filed against the plaintiff, such charges being founded on his affiliation with and belief in communism.

The plaintiff, by his conduct in filing, according to the procedure prescribed by the organization, an answer to the charges preferred against him, by his joining as defendant in the action not merely the particular post officers who are to try the charges, and the post collectively, but The American Legion itself, and finally by the papers submitted by him on this application, has in effect elected to waive any question he might raise as to whether the charges are within the purview of the governing provisions of the constitution and by-laws of the organization, and has grounded this application for an injunction, *pendente lite,* squarely on the contention that the organization is, as a

matter of law, powerless, by whatever form of enactment or procedure, to try him on charges merely by reason of his communist affiliation. To quote from the affidavit in support of the motion made by the plaintiff's attorney, " the gravamen of the plaintiff's objection to the conduct of the so-called trial is that it violates the provisions of the Federal Statute incorporating The American Legion and infringes upon plaintiff's rights under the Constitutions of the United States and the State of New York."

The American Legion was incorporated by Congress (Act of Sept. 16, 1919, ch. 59, 41 Stat. 284 [U. S. Code, tit. 36, § 41 *et seq.*]) as successor to an unincorporated association of the same name then existing. The purposes of the corporation are declared to be " To uphold and defend the Constitution of the United States of America; to promote peace and good will among the peoples of the United States and all the nations of the earth; to preserve the memories and incidents of the two World Wars fought to uphold democracy; to cement the ties and comradeship born of service; and to consecrate the efforts of its members to mutual helpfulness and service to their country." (U. S. Code [1940 ed., Supp. V], tit. 36, § 43); and it is further provided that " the organization shall be nonpolitical and, as an organization, shall not promote the candidacy of any person seeking public office." (§ 46.)

These are the sole provisions of the statute here deemed relevant. Plaintiff seeks aid also from the provision of the statute (§ 45) restricting eligibility. for membership, in effect, to American or allied veterans of either the First or Second World Wars. Such provision is however manifestly merely a restriction upon eligibility, and in no wise limits the inherent power of the organization to adopt additional criteria of eligibility having a reasonable relation to its statutory purpose and not contrary to public policy.

Basically, the contention of the plaintiff is that communism is a political belief and the communist organization a political party, in the sense in which those terms are ordinarily used, and in which the term " non-political " is used in the charter of the Legion. The contention of the defendant on the other hand, when similarly reduced to its essentials, is that communism is not a political belief in the ordinary sense of the term, but a subversive philosophy having for its objective the overthrow of our entire constitutional structure within which, and only within which, political parties, in the ordinary sense, may exist; and that a communist, whether or not a member of an organiza-

tion functioning as a legal political party, is likewise animated by subversive purposes.

Which of these two contentions is better supported by the available evidence is not before the court upon this application. The question presented is simply whether the Legion may, despite its statutory nonpolitical character, lawfully undertake to answer that question for itself, and whether, should its answer be unfavorable to plaintiff, it may take appropriate action.

Reduced to its simplest terms the contention of the plaintiff would seem to be that persons whose purposes are found by the organization to be hostile to the declared purposes of the organization may evade any bars which the organization may interpose to their membership by organizing themselves as a political party. This contention the court cannot accept.

The mere circumstance that it has been possible for persons adhering to communist tenets to form a political party under the laws of our State, is manifestly not conclusive on the question of whether those persons harbor subversive intentions. The provisions of the Election Law governing the filing of nominating petitions by an independent body (§ 137) and the transformation of such a body into a party upon its nominees receiving a given number of votes (§ 2, subd. 5) contain no requirement for inquiry as to whether the persons organizing such independent body or party have subversive purposes; nor, indeed, is even so much as a declaration repudiating such purposes required of them. Congress itself has not regarded the existence of the Communist Party in the form of a legal political organization as precluding the possibility that communists, as such, may be animated by subversive purposes. This is made evident by several statutory provisions, of which the most recent is the amendment of the National Labor Relations Act (§ 9, subd. [h]) so as to make it a condition precedent to action by the National Labor Relations Board on a charge of unfair labor practice made by a labor organization that there shall be filed by such organization an affidavit " by each officer of such labor organization and the officers of any national or international labor organization of which it is an affiliate or constituent unit that he is not a member of the Communist Party or affiliated with such party, and that he does not believe in, and is not a member of or supports any organization that believes in or teaches, the overthrow of the United States Government by force or by any illegal or unconstitutional methods. * * * " (Labor Management Relations Act, 1947, Public Law 101, 80th Cong., 1st Sess.)

From the foregoing the conclusion seems inescapable that The American Legion suffers from no statutory disability to conclude, through its constituted organs, that affiliation with the communist movement constitutes disloyalty to the purposes of the organization and to proceed accordingly against the plaintiff. There being no legal disability, there is no occasion for the court to interfere with the regular course of proceeding of the organization.

The argument on constitutional, as distinguished from statutory, grounds is that the exclusion of a member from The American Legion because of his political opinions would constitute an invasion of the rights of free speech guaranteed by Federal and State constitutional provisions. Such constitutional provisions protect the individual against action by governmental authorities; they do not give the individual a right to insist on membership in a private association, to whose members his views, whether or not denominated political, may be obnoxious. The mere circumstance that The American Legion exists under a Federal charter, rather than as an unincorporated association, or as a State-incorporated membership corporation, would seem without significance in this respect. Did the constitutional guarantee of the right of any member of any organization to insist on retaining membership while holding and expressing any views he may choose actually exist, the court would, of course, be constrained to require that the defendant organization extend that right to the plaintiff, notwithstanding that he is himself admittedly " an active Communist " who " subscribes to and believes in the principles of Communism ", a creed notorious for its insistence on the absolute submission of the individual will to the discipline of the party organization — a submission so absolute that it may be surmised that the moving plea for individual liberty now before the court was not made without the prior approval of the inner circle in whom alone resides the power to define the party line.

Plaintiff advances the further contention that the members of the organization before whom he is to be tried, constituting the executive committee of the post of which he is a member, have prejudged his case. Even were the affidavits sufficient on this point, it would not follow that plaintiff would be entitled to an injunction at this time. The by-laws of the organization provide that " any member who has been suspended or expelled has the right of appeal to his department executive committee, or to the department convention, according to the provisions of the by-laws of such department. The decision of the depart-

ment shall be final." (By-laws, art. IV, § 3.) The by-laws of the department of New York, of which the defendant post is a part, provide that the appeal shall be to the department executive committee (Department of New York, By-laws, art. IX, § 2). There is nothing in the papers to indicate that should he fail to receive a fair trial before his post tribunal his appeal will not be fairly heard by the department executive committee.

The rule is well established that the courts will not interfere with the internal affairs of a corporation in advance of corporate action in the absence of a showing that the action of the corporate authorities is likely to be unjust and arbitrary (*Hurst* v. *N. Y. Produce Exchange,* 100 N. Y. 605; *Thomas* v. *Musical Protective Union,* 121 N. Y. 45). In *Sons of Italy, Grand Lodge, Inc.,* v. *Supreme Lodge, Inc.* (125 Misc. 572) relied on by plaintiff, an injunction *pendente lite* did issue out of this court but the rationale of the decision was based on valuable property rights shown to be involved which the court sought to protect. There is no like showing here.

The motion for injunction *pendente lite,* is in all respects denied and the stay contained in the order to show cause is vacated. Settle order.