Irving H. Saypol, J.
Plaintiff moves for a temporary injunction and defendant cross-moves for dismissal of the complaint for legal insufficiency. Plaintiff is on trial in an administrative disciplinary proceeding charged with misconduct, pursuant to section 22 of the Civil Service Law. Heretofore, she instituted an article 78 proceeding to secure an order compelling the issuance of a subpoena and the production of certain records. The application was denied and the petition dismissed (Matter of Schwartz [Naftalison], N. Y. L. J., March 17, 1958, p. 6, col. 7). This action is brought for similar relief and for an injunction restraining the destruction of records.
The cross motion must be denied if upon any theory the complaint is sustainable. The question is therefore raised whether by this action plaintiff is actually seeking a review of the intermediate steps and rulings in the course of hearing or, rather, relief in equity to prevent the destruction of records which it is claimed are vital to the preservation and protection of plaintiff’s rights. “ The mere apprehension of some damage from a wrongful act, which might be injurious, may not be a sufficient basis for the preventive remedy of injunction. Such a remedy becomes a necessity and a right when it is clear upon the facts asserted and not controverted, that, unless granted, the plaintiffs may be irreparably damaged and that they have no remedy at law for the damage sustained. ’ ’ (Leader-Observer v. State Alcoholic Beverage Control Bd., 148 Misc 757, 759.) The question is whether a violation of plaintiff’s rights may occur or an injury threatened in such a sense as justifies a preventive remedy (Hurst v. New York Produce Exch., 100 N. Y. 605, 606). “ Equity, therefore, interferes in the transactions of men by preventive measures only when irreparable injury is threatened, and the law does not afford an adequate remedy for the contemplated wrong.” (Thomas v. Musical Mut. Protective Union, 121 N. Y. 45, 52; see Tricarico, v. Society of Saint Joseph Palo Del Colle, Italy, 252 App. Div. 786.) Thus, in McGillicuddy v. Monaghan (280 App. Div. 144), the Special Term denied a motion for temporary injunction restraining the prosecution of a trial of police officers on charges upon grounds constituting a defense. On affirmance, the Appellate Division stated: ‘ ‘ An injunction pendente lite may be granted only upon a showing that plaintiffs will suffer irreparable injury unless such an injunction is granted.” It will be withheld where a proceeding pursuant to article 78 of the Civil Practice Act is a complete and adequate remedy to review any determination.
Here, the plaintiff, in her complaint, alleges concerning the records in dispute that from time to time and in the regular *821 course of the business of the Division of Employment, identification books are taken from the applicants when the division finds need therefor, that the inserts of said books are discarded at the end of each benefit year, which is the 12-month period following the first visit of the applicants to that division, and new inserts or identification books are issued by the division, and that with each passing day the inserts of the identification books of applicants serviced by that unit during the period covered by the charges are being discarded by the division. In her affidavit, she restates her position and again urges that the old inserts or identification books become obsolete and are discarded. No answer to the complaint has yet been submitted, but in the answering affidavit submitted on behalf of the defendant it is stated that the identification books referred to in the notice of motion and the complaint are at all times in the possession and custody of the applicants for employment. The applicant must produce the book when appearing at the office and after the necessary entries are made, it remains in the custody of the applicant, his to keep or to destroy when it has served the applicant’s purpose. It is further stated that the identification books are not in the possession or the custody of the defendant, but are solely in the possession of the applicants to whom they were issued. This is not to say, however, that the defendant in the course of the operation of his office does not remove inserts or obsolete identification books, replacing them and discarding the obsolete inserts and identification books. Nor does the defendant deny that upon the presentation by the applicant of an identification book and its becoming obsolete that the office does not in fact remove the inserts or the obsolete books and discard them. The issue has not been squarely met.
The difference between this action and the article 78 proceeding heretofore instituted is clearly indicated in the court’s decision dismissing the petition. It stated: “ If the petitioner is acquitted of the charges the matter is at an end and if found guilty of the charges such final determination is subject to review and petitioner at that time could raise the question of the refusal to issue the subpoena and a determination made whether such refusal was proper. It appears that every legal right of the petitioner would be preserved on such review.” While the refusal to issue subpoena or to produce records is - retdewable after determination, the additional grievance of refusal to preserve records is quite another matter. The inadequacy of review may lie in the inability to establish prejudicial error or misconduct in, refusal to subpoena or produce or to establish on judicial *822 review the evidence favorable to plaintiff in the event of an application for annulment of the final determination on review and remand. In any event, to assure the existence of evidence, and it is not denied that the records in issue are evidence, is not to interfere with administrative action or judgment.
The prejudice and injury which plaintiff seeks to avoid are proper subjects of equity. Taking jurisdiction thereof in nowise interferes with the conduct and continuance of the hearings. This leaves the defendant unhampered and completely free to proceed in any manner as he deems lawful and proper, which, however, does not embrace the right and power to destroy what plaintiff believes to be evidence. Not only will restraint here offer no interference, but it suggests no unfair or unreasonable burden, while the absence of restraint may produce grievous injury. Clearly, the balance of convenience and equity is with the plaintiff. The cross motion is denied. Plaintiff’s motion is granted to the extent of requiring the defendant to keep and to preserve the identification hooks or the inserts thereof of applicants which may be in his possession or those identification books or the inserts thereof which may come into the defendant’s possession by delivery to him for any cause by any applicant, if such identification books or inserts thereof are withdrawn and are obsolete. Plaintiff’s motion is otherwise denied.
Settle order.